FILED
SUPERIOR COURT
OF GUAM

2021 SEP -7 AM 11: 39

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

v.

LOUIS ANTHONY VARGAS,
DOB: 06/06/1985

Defendant.

Criminal Case No. CF0446-18
GPD Report No. 18-21592

DECISION AND ORDER
DENYING DEFENDANT'S
MOTION FOR ACQUITTAL

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 2, 2021 for hearing on Defendant Louis Anthony Vargas's ("Defendant's") Motion for Acquittal ("Motion"). Assistant Attorney General Jeremiah Luther represents the People, and Assistant Public Defender Theresa Rojas represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Between April 27, 2021 and May 20, 2021 Defendant went on trial for Charge One: First Degree Criminal Sexual Conduct (as a 1st Degree Felony) (*Five Counts*), each count with an accompanying *Special Allegation*: Vulnerable Victim Enhancement and Charge Two: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (*Five Counts*), each count with an accompanying *Special Allegation*: Vulnerable Victim Enhancement. The alleged victim in this case, L.E.L. ("Victim"), was a minor under fourteen years old. Amended Indictment (May 14, 2021).

Decision and Order Denying Defendant's Motion for Acquittal
CF0446-18, *People of Guam v. Louis Vargas*
Page 1 of 6

The jury returned guilty verdicts for <u>Charge Two</u>: Second Degree Criminal Sexual Conduct (*Count Four*) and its accompanying *Special Allegation*: Vulnerable Victim Enhancement. *See* Verdict Forms 17 & 18 (May 20, 2021). The jury was unable to reach a unanimous decision on all other charges and special allegations. *See* Verdict Forms 1-16, 19-20 (May 20, 2021).

On May 27, 2021, Defendant filed his Motion for Acquittal. Defendant requested the court set aside the convictions in <u>Charge Two</u>: *Count Four* and its accompanying *Special Allegation*, and that the court enter a judgment of acquittal for all remaining charges and special allegations. Motion at 12 (May 27, 2021). Defendant argued there was insufficient evidence presented upon which a reasonable jury could convict him. <u>Id</u>. at 3-12.

On June 4, 2021, the People filed their Opposition to Defendant's Motion ("Opposition"). The People argued that the evidence in the record was sufficient for a rational juror to find Defendant guilty on all charges and counts. Opposition at 2-7 (Jun. 4, 2021).

The Court held a hearing on July 2, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

8 G.C.A. § 100.30 provides:

> If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made... If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal.

The court shall enter a judgment of acquittal when there is insufficient evidence to sustain a conviction. 8 G.C.A. § 100.10. The critical inquiry is whether the evidence in the record "could reasonably support a finding of guilty beyond a reasonable doubt" by a rational trier of fact. *People v. Reyes*, 1998 Guam 32 ¶ 7. "When a criminal defendant asserts that there is insufficient evidence to sustain the conviction, this court reviews the evidence in the light most favorable to the prosecution." <u>Id</u>. at ¶ 7. This is a highly deferential standard. <u>Id</u>. at ¶ 7.

A charge may be submitted to the jury "if there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused." "Furthermore,

Decision and Order Denying Defendant's Motion for Acquittal
CF0446-18, *People of Guam v. Louis Vargas*
Page **2** of 6

entirely circumstantial evidence is sufficient to support a guilty verdict." *People v. McKinney*, 2016 Guam 3, ¶ 22. "

I. **There was sufficient evidence to convict Defendant of <u>Charge One</u>: First Degree Criminal Sexual Conduct (as a 1st Degree Felony).**

a. *Count One)* **Aug. 2016 – Aug. 2017: Sexual Intercourse**

Evidence showed that Victim lived at Paradise Meadows between October 2016 and December 2017. The victim testified that the sexual assault started while she was living at Paradise Meadows and had been ongoing for over a year before Defendant's July 2018 arrest. Nurse Rios, a sexual assault nurse examiner, also testified that Victim had a U-shaped notch on her hymen, which could be a healed transection from previous sexual trauma. There was sufficient evidence presented that Defendant had sexual intercourse with Victim during this period.

b. *Count Two)* **Feb. 2018 – Jul. 2018: Sexual Intercourse**

Victim testified that Defendant penetrated her with both his finger and penis on the night they watched Incredibles 2 at the Mangilao house. Victim and Defendant both lived at this house between February 2018 and July 2018. While Defendant points out that Victim made inconsistent statements regarding whether her mother was home at the time, "it is not the province of the court, in determining a motion for judgment of acquittal... to pass upon the credibility of witnesses." *People v. Chin Song*, 2012 Guam 21, ¶ 29. A rational trier of fact could acknowledge this inconsistency while still concluding that penetration occurred that night. There was sufficient evidence presented that Defendant had sexual intercourse with Victim during this period.

c. *Count Three)* **Feb. 2018 – Jul. 2018: Object Into Genital Opening**

Victim testified that Defendant inserted a magenta tool into her vagina the night they watched Incredibles 2 at the Mangilao house. Victim and Defendant both lived in this house between February 2018 and July 2018. Investigator Freneil Macalma testified that he confiscated multiple vibrators from a nightstand within the

Decision and Order Denying Defendant's Motion for Acquittal
CF0446-18, *People of Guam v. Louis Vargas*
Page **3** of **6**

Mangilao house, and Victim identified the object she believes was used on her in the courtroom. There was sufficient evidence presented that Defendant inserted an object into Victim's genital opening during this period.

### d. *Count Four*) Feb. 2018 – Jul. 2018: Fellatio

Victim testified that Defendant put his penis in her mouth on the night they watched Incredibles 2 at the Mangilao house. Victim and Defendant both lived in this house between February 2018 and July 2018. There was sufficient evidence presented that Victim performed fellatio on Defendant during this period.

### e. *Count Five*) July 26, 2018: Sexual Intercourse

Victim testified that Defendant put his penis in her vagina on the night police were called, which evidence showed was on July 26, 2018. Nurse Rios testified that Victim reported Defendant penetrating her with his penis that night. Forensic Biologist Rachel Keener testified that Defendant could not be excluded from the DNA profile on cervical and vaginal swabs taken from Victim the morning after the incident.

Victim also testified that Defendant wiped himself off with a green towel and put his shorts on. Officers immediately confiscated a green towel from Victim's bedroom and shorts off Defendant's person. Criminalist Zenobia Lynn analyzed the green towel and the shorts, and found semen on both garments. Criminalist Penny Kremer testified that sperm found on the shorts matched Defendant's DNA profile. There was sufficient evidence presented that Defendant had sexual intercourse with Victim on this day.

## II. There was sufficient evidence to convict Defendant of <u>Charge Two</u>: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony).

### a. *Count One*) Aug. 2016 – Aug. 2017: Primary Genital Area

Evidence showed that Victim lived at Paradise Meadows between October 2016 and December 2017. The victim testified that Defendant started touching her vagina while she was living at Paradise Meadows and had done so for over a year

Decision and Order Denying Defendant's Motion for Acquittal
CF0446-18, *People of Guam v. Louis Vargas*
Page **4** of **6**

before Defendant's July 2018 arrest. There was sufficient evidence presented that Defendant touched Victim's primary genital area during this period.

**b.** *Count Two*) **Aug. 2016 – Aug. 2017: Breast**

Evidence showed that Victim lived at Paradise Meadows between October 2016 and December 2017. The victim testified that Defendant started touching her breasts while she was living at Paradise Meadows and had done so for over a year before Defendant's July 2018 arrest. There was sufficient evidence presented that Defendant touched Victim's breasts during this period.

**c.** *Count Three*) **Feb. 2018 – Jul. 2018: Primary Genital Area**

Victim testified that Defendant penetrated her with both his finger and penis on the night they watched Incredibles 2 at the Mangilao house. Either of these acts would involve touching Victim's primary genital area. Victim and Defendant both lived at this house between February 2018 and July 2018. There was sufficient evidence presented that Defendant had touched Victim's primary genital area during this period.

**d.** *Count Four*) **July 26, 2018: Primary Genital Area**

Victim testified that Defendant put his penis in her vagina on the night police were called, which evidence showed was on July 26, 2018. This act involves touching Victim's primary genital area. Nurse Rios testified that Victim said Defendant penetrated her with his penis that night. Forensic Biologist Rachel Keener testified that Defendant could not be excluded from the DNA profile on cervical and vaginal swabs taken from Victim the morning after the incident. There was sufficient evidence presented that Defendant touched Victim's primary genital area on this day.

**e.** *Count Five*) **July 26, 2018: Breast**

Nurse Rios and Victim's mother both testified that Victim reported Defendant touching her breasts on the night of the incident. There was sufficient evidence presented that Defendant touched Victim's breasts on this day.

## CONCLUSION

Decision and Order Denying Defendant's Motion for Acquittal
CF0446-18, *People of Guam v. Louis Vargas*
Page **5** of 6

For the reasons stated above, the Court **DENIES** Defendant's Motion. Defendant's convictions in <u>Charge Two</u>: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (*Count Four*), and its accompanying *Special Allegation*: Vulnerable Victim Enhancement are sustained. All remaining charges and special allegations contained within the Amended Indictment may remain as the case moves forward towards a second trial.

A Status Hearing will be set for Friday, September 17, 2021 at 9:00am.

**IT IS SO ORDERED** this September 7, 2021.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion for Acquittal
CF0446-18, *People of Guam v. Louis Vargas*
Page **6** of **6**